FILED
2012 APR -3 PM 1:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JASMINE EVANS, an individual, Plaintiff, v. CITY OF SAN DIEGO, et all., Defendants. | ) | Civil No. 11cv396-MMA (WMc) **RULING RE: DISCOVERABLE DOCUMENTS OF DEFENDANT POLICE OFFICERS FOLLOWING *IN CAMERA* REVIEW** |

**I.**

**INTRODUCTION**

The subject lawsuit arises out of an incident that occurred in the Gaslamp District of San Diego on the early morning of August 14, 2009. Plaintiff alleges she was assisting a woman screaming in pain who had allegedly been pepper sprayed by San Diego police officers. Plaintiff alleges she tried to come to the aid of the stricken woman when the police assaulted her, threatened her with pepper spray, grabbed her by the throat and subsequently hogtied her on the ground. Plaintiff claims physical and emotional injuries from the incident and alleges excessive force, false arrest, assault and battery, and intentional infliction of emotional distress against the police officers and the city of San Diego.

Plaintiff now seeks to discover the personnel file of the defendant officers. The Court has reviewed the personnel files and camera to determine what documents, if any, are discoverable.

## II.

## LEGAL STANDARD

### A. Officer Training Certificates Are Relevant And Shall Be Produced

Under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Moreover, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).) Items typically found in personnel files, such as records concerning training and performance, have been held to be relevant on the issues of credibility, notice to the employer, ratification by the employer, motive of the officers and malicious intent. *See Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).) Accordingly, all documents identified as "Training Certificate," "Certificate of Completion" or "Certificate of Training" shall be produced in full.

### B. General Personnel Files Are Protected By A Right of Privacy

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). The party whose privacy is affected may object or seek a protective order. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). Resolution of a privacy objection or request for protective order requires a balancing of the need for the particular information against the privacy right asserted. *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 550-551 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case.) With respect to the disclosure of police files, courts have recognized that privacy rights are not inconsequential. *Kelly v. City of San Jose*, 114 F.R.D. 653, 650 (N.D. Cal. 1987). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351 (1978).) Items typically found in personnel files, such as records concerning training and performance, have been held to be relevant on the issues of credibility, notice to the employer, ratification by the employer, motive of the officers and malicious intent. *See Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).) The files ordered below to be produced represent a proper balancing of the police officers' privacy rights with the right of Plaintiff to conduct lawful discovery under Fed. R. Civ. Proc. 26(b)(1).

**C. Official Information Privilege / Executive Privilege**

"Federal common law recognizes a qualified privilege for official information." *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). The personnel files of government employees have been considered official information for purposes of the common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990.) Courts engage in a balancing test to determine whether personnel files are privileged and thereby protected from disclosure. *Miller*, 141 F.R.D. at 300. Specifically, "courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Id.* The balancing test is pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987.)

In order to properly invoke the privilege and trigger the Court's consideration of the materials at issue, the party opposing disclosure must make a substantial threshold showing by submitting a declaration from a responsible official with personal knowledge of the police department's internal investigatory system. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995.) (citing *Kelly*, 114 F.R.D. at 670.) Defendants have submitted the declaration of David Ramirez, the Executive Assistant Chief of Police for the San Diego Police Department. Chief Ramirez is responsible for the oversight and administration of the Internal Affairs Unit. [*See* Exh. A to Doc. No. 28, Ramirez Decl., 1:21-25.]

Once the party asserting the privilege meets the threshold burden, the court will review the documents in light of the balancing test articulated by the court in *Kelly*, which includes, but is not limited to: (1) The extent to which disclosure will thwart the governmental process by discouraging citizens from giving the government information; (2) The impact of disclosure of the identities of persons who have given information; (3) The degree to which government self-evaluation and conse-

quent program improvement will be chilled by disclosure; (4) Whether the information sought is factual data or evaluative summary; (5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) Whether the police investigation has been completed; (7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) Whether the plaintiff's suit is not frivolous and brought in good faith; (9) Whether the information sought is available from discovery or through other sources; (10) The importance of the information sought to the plaintiff's case. *See Kelly*, 114 F.R.D. at 663 (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973).)

As to performance evaluations, the Court has balanced the competing interests involved in this case and finds Plaintiff's interest in disclosure of the performance evaluations outweighs Defendants' vague assertions of official information privilege. Specifically, the ninth and tenth *Kelly* factors weigh heavily in support of production. The San Diego Police Department is a self-governing agency. Accordingly, information contained in performance reviews and disciplinary records is not likely to be discoverable from any other source. In addition, the performance evaluations and personnel records are clearly relevant to Plaintiff's claims. Among Plaintiff's asserted claims are violations of 42 U.S.C. § 1983 for excessive force, false arrest, unlawful policies, customs or habits, assault and battery, and intentional infliction of emotional distress. The evaluation documents are, therefore, relevant to Plaintiff's claims against the City of San Diego Police Department because they relate to its policies of hiring, training, supervision and control. The Court has reviewed the personnel documents bearing on Officer Davis's performance and lists in Section C below which specific documents shall be produced.

The Internal Affairs investigation ***for the subject incident only*** are discoverable for the same reasons stated with regard to performance evaluations and personnel records. Furthermore, disclosure under these limited circumstances has the additional benefit of motivating the police department to conduct a thorough and fair investigation of all citizen complaints. The credibility of all witnesses, including the Defendant Officers and the Plaintiff, can best be judged when the bright light of a professional, thorough and impartial investigation shines upon them all. Thus, disclosure increases public confidence in the professionalism of its police force and in the fairness and impartiality of the

judicial system. Officers are protected from wild and baseless accusations. Citizens are protected against police officers who do not act in a professional manner.

In the same vein, other internal affair investigations of unrelated incidents having nothing to do with the subject incident are not relevant and not likely to lead to the discovery of admissible evidence. Such documents need not be produced.

**III.**

**DISCLOSURE SHALL OCCUR SUBJECT TO PROTECTIVE ORDER**

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.) Defendant has requested a narrowly-tailored protective order should the Court order the production of documents. (*See* Ramirez Decl., 5:10-15.)

The Court finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved. Therefore, the Court orders the parties to enter into a protective order governing the documents the Court has ordered to be disclosed. The parties shall finalize said protective order no later than **April 10, 2012**. Service of the documents ordered disclosed shall occur within **ten (10) calendar days** after the Court signs the protective order. All documents produced must be bates-stamped. Every page of every document must have a number. Finally, the protective order must contain the following language: "Modification: This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice."

///

///

///

///

///

///

## IV.

## CONCLUSION

In accordance with the Court's findings expressed above, Defendants are ordered to produce the following documents **pursuant to protective order** for the period January 1, 1999 through and including August 14, 2009:

1. All defendant officers' Employee Evaluations.
2. All defendant officers' Employee Performance Reports.
3. All certificates showing the defendant officers' completion of or participation in any course or seminar related to police work.
4. All documents showing the proficiency training of each defendant officer.
5. The Employee Performance Plans for each defendant officer.
6. Certificates of attendance for each defendant officer.
7. The complete Internal Affairs Investigation of the subject incident.

**IT IS SO ORDERED.**

DATED: April 3, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court