```
 1  Frederick W. Gaston, (Cal. Bar no. 231179)
    David L. Skilling, (Cal. Bar no. 255844)
 2  Melissa N. Engle (Cal. Bar no. 272741)
 3  GASTON & GASTON, A PROFESSIONAL LAW CORPORATION
    1010 Second Ave., Suite 1770
 4  San Diego, California 92101
    Telephone: (619) 398-1882
 5  Fax: (619) 398-1887

 6  Attorneys for Plaintiff
    Jasmine Evans
 7
    Jan I. Goldsmith, City Attorney (Cal. Bar no. 70988)
 8  Donald R. Worley, Assistant City Attorney (Cal. Bar no. 48892)
    John Riley, Deputy City Attorney (Cal. Bar no. 144268)
 9  OFFICE OF THE CITY ATTORNEY
    1200 Third Avenue, Suite 1100
10  San Diego, CA 92101-4100
    Telephone: (619) 533-5800
11  Fax: (619) 533-5856

12  Attorneys for Defendants
    City of San Diego, San Diego Police Department
13  Brandon Gaines, Michael Serrano, Christian Sharp,
    Officer Wiese, Officer Navarro
```

FILED
12 APR 19 PM 2:10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE EVANS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, a municipal corporation, SAN DIEGO POLICE DEPARTMENT, BRANDON GAINES, an individual, MICHAEL SERRANO, an individual, CHRISTIAN SHARP, an individual, OFFICER WIESE, an individual, OFFICER NAVARRO, an individual, and DOES 1 - 20, inclusive,<br><br>Defendants. | Case No.: 11cv0396-MMA (WMc)<br><br>STIPULATION FOR AMENDED PROTECTIVE ORDER AND ORDER THEREON<br><br>Judge: Hon. Michael A. Anello<br>Ctrm: 5, 3rd Floor<br><br>Complaint Filed: February 25, 2011<br>Trial Date: September 25, 2012 |

1
STIPULATED PROTECTIVE ORDER

  IT IS HEREBY STIPULATED by and between Plaintiff JASMINE EVANS and Defendants CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, BRANDON GAINES, MICHAEL SERRANO, CHRISTIAN SHARP, OFFICER WEISE, and OFFICER NAVARRO (collectively, the "City of San Diego Parties") on the other hand, through their respective counsel, that the following procedures, terms and conditions shall apply to all the documents and information produced or made available in the course of discovery in the above-captioned action that is designated as confidential.

  1. This Stipulated Protective Order (the "Protective Order"), and all provisions herein, is subject to the Federal Rules of Civil Procedure, Rule 5.2(e).

  2. As used in this Protective Order, "Confidential Information" includes materials that a producing party (or, in the case of records subpoenaed from a non-party, any party) believes in good faith to be within one or more of the following categories:

    a. Documents to be produced in this litigation that contain, disclose or reflect confidential business, medical, personal, commercial, financial, or other similarly sensitive information of non-public nature;

    b. All or any portions of any exhibits to depositions that contain, reflect confidential business, medical, personal, commercial, financial or other similarly sensitive information of a non-public nature;

    c. Summaries, compilations, extracts, and abstracts of any information that discloses or reflects confidential business, medical, personal, commercial, financial or other similarly sensitive information of a non-public nature.

  3. All medical records, physical or otherwise shall be automatically deemed Confidential Information. All other Confidential Information in written or documentary form shall be designated as Confidential Information by the party producing the document by marking each page of the writing or

document with the legend "Confidential", or by any other method agreed to in writing by counsel for all parties.

4.  All copies of Confidential Information shall be treated in the same matter as the original documents.

5.  Except with the prior written consent of the designating party or the Court, Confidential Information may not be disclosed to any person other than the following "qualified persons":

    a.  Counsel to the parties in this litigation, including persons regularly employed in the offices of counsel for parties, who are actively engaged in assisting counsel in the preparation of this litigation and solely for the purposes of such preparation;

    b.  Any party to this litigation and officers, directors, and employees of a party who are assisting his or its counsel, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation, and provided further that a party (or his or its officers, directors, or employees) may retain Confidential Information only as long as reasonably deemed necessary for the conduct of this litigation;

    c.  Court Reporters while in the performance of their official duties;

    d.  Independent expert(s) and consultant(s) retained by or associated with any party in order to assist his or its counsel in the conduct of this litigation (including the secretarial, technical and clerical employees of such experts and consultants who are actively assisting them in this action), but only to the extent that such disclosure is reasonably deemed necessary by such counsel for performance of such assistance, and provided such expert(s) or consultant(s) retain the Confidential Information only as long as is reasonably deemed necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this litigation;

    e.  The judge before whom this litigation is pending, including the judge's chambers

1. staff and other employees of the court;

    f.    Persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered; and

    g.    Such other persons as the parties may agree in writing or may be ordered by the Court.

6. Prior to the disclosure of any Confidential Information to any person identified in Paragraphs 5(b) or (d) hereof, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing, in the form attached hereto as Exhibit "A", that he or she has read this Protective Order, understands it, agrees to be bound by its terms and subjects himself or herself to the jurisdiction of the above-captioned litigation and court for the purpose of contempt proceedings in the event of any violation of this Protective Order. Counsel for the party disclosing Confidential Information shall maintain these written certifications, and they shall be available to opposing counsel for inspection and copying, except for written certifications signed by experts or consultants.

7. If a third party produces documents that any party to this litigation reasonably believes constitutes Confidential Information, said party to this litigation shall, within thirty (30) days of said party's receipt of such production, advise all counsel of its designation of such documents as "Confidential" and shall affix the appropriate legend on the documents so produced. Counsel for the party obtaining such third party documents shall cooperate with the counsel seeking to make such designation to effectuate affixing the necessary legend.

8. It shall be the duty of the producing party (or, in the case of records subpoenaed from a non-party, the designating party) to inform the party seeking discovery or disclosure as to which materials are to be treated as Confidential Information by denominating such information as "Confidential."

///

///

9. Documents containing Confidential Information that are filed with the Court in connection with any pre-trial proceedings, (*e.g.*, memoranda, declarations, or exhibits thereto) must be filed under seal. Any party filing a pleading containing such document shall file that pleading under seal as allowed by the applicable provisions of the Federal Rules of Civil Procedure, Rule 5.2(d) and 5.2(e).

10. The applicable provisions of the Federal Rules of Civil Procedure, Rule 5.2(d) and 5.2(e), shall govern the filing of documents under seal in this litigation.

11. The parties shall meet and confer in good faith to attempt to resolve any dispute over the designation of materials under this Protective Order. Whenever a party objects to the designation of the material as "Confidential" or wishes to disclose such material beyond the terms of this Protective Order or believes that such designation is improper or imposes an undue burden under the circumstances, the party challenging the designation shall provide the designating party with reasonable written notice of its desire and intent to so dispute the designation. If the parties cannot resolve their dispute with respect to the propriety of any material being designated as "Confidential" then the party who wishes to remove such designation shall make a motion or *ex parte* application to this Court for the resolution of the dispute. Until such time as the Court renders a decision on such dispute, the disputed material shall be deemed "Confidential," and the use and dissemination of the disputed material shall be limited accordingly under the terms of this Protective Order.

12. This Protective Order is for the purpose of facilitating the exchange of material without involving the Court unnecessarily in the process. Nothing in this Protective Order, or the producing of any material under the terms of this order, or any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality or non-confidentiality of any such material, affecting the rights of any third parties, or altering any existing obligation of any party or the absence thereof. Nothing in this Protective Order shall be construed as a waiver

of any party's right to object on any grounds whatsoever to any requests for discovery, but no document shall be withheld from production solely because of its designation as Confidential Information.

13. This Protective Order shall not prevent the marking or the exhibition to a witness, or the offering in evidence, of any Confidential Information during depositions, hearings or other pre-trial proceedings, at trial, or on appeal, but no copy of any Confidential Information shall be retained by any such witness. Nothing in this Protective Order shall be read to require a formal order of the Court prior to use of such Confidential Information, so long as its use is consistent with the terms of this Protective Order.

14. Except as otherwise may be agreed by the parties, but not later than ninety (90) days after the termination of this case and the expiration of any rights of appeal, counsel for the parties shall assemble and return the supplying parties, all material designated as "Confidential" and all copes of same, or shall certify the destruction thereof to the supplying parties; provided, however, that outside counsel may retain one copy of each document designated as "Confidential" solely for the purpose of reference in the event of any dispute concerning the use or disclosure of information so designated and may retain copies of such materials to the extent that they contain, include or affect attorney work product of the receiving attorney. Counsel shall certify in writing to the opposing counsel that all Confidential Information has been returned to the producing party or destroyed.

15. Except as provided herein, Confidential Information shall not be used or disclosed for any purpose whatsoever except the conduct of this litigation unless authorized or ordered by this Court.

///

///

///

///

///

16. This protective Order shall be without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, or whether any particular document or information should or should not be designated as Confidential Information for the purposes of this Protective Order. Nothing contained in this Protective Order shall be construed as a waiver of any objections at trial as to the admissibility or authenticity of documents produced to this stipulation. Nothing contained in this Protective Order shall be construed in any manner as an admission by any party that the documents or materials labeled as "Confidential" by the producing party in fact contain proprietary, trade secret, or confidential information. Nothing contained in this Protective Order shall be construed to constitute a waiver of the producing party's right to claim that a document inadvertently not designated as Confidential Information should have been or should be Confidential Information. No party shall be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made and a failure to make such challenge shall not preclude a subsequent challenge to such designation. Nothing herein shall impose any restriction on the use or disclosure by any party of its own confidential material.

17. This Court shall retain jurisdiction of all matters pertaining to this Protective Order.

18. Nothing in this Order shall prohibit any party from seeking further or less protection of Confidential Information by stipulation between the parties or by application to the Court.

19. This Order need not be signed and entered by the Court in order to be effective, and the stipulation shall be effective from the date executed by all counsel.

///

///

///

///

20. This Protective Order shall be executed by counsel in counterpart originals with the same force and effect as if fully and simultaneously executed in a single original document.

21. <u>Modification</u>: This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this order *sua sponte* in the interest of justice.

**IT IS SO STIPULATED**:

GASTON & GASTON APLC

DATED: January 4, 2012    BY: /s/ *David L. Skilling*
DAVID L. SKILLING
ATTORNEYS FOR PLAINTIFF
JASMINE EVANS

OFFICE OF THE CITY ATTORNEY

DATED: January 4, 2012    BY: /s/ *John Riley*
JOHN RILEY
ATTORNEY FOR DEFENDANTS
CITY OF SAN DIEGO, SAN DIEGO
POLICE DEPARTMENT, BRANDON
GAINES, MICHAEL SERRANO,
CHRISTIAN SHARP, OFFICER
WEISE, and OFFICER NAVARRO

<u>**ORDER**</u>

Based on the stipulation of the parties, and good cause appearing, it is **SO ORDERED**.

DATED: 4/19/12

Hon. William McCurine, Jr.
Magistrate Judge, U.S. District Court

# EXHIBIT A

# WRITTEN ASSURANCE

I, _____, have read and understand the Protective Order in the case entitled Jasmine Evans v. City of San Diego, et al., United Sates District Court Case No : 11cv0396-MMA (WMc), and agree to comply with and be bound by its provisions. I hereby submit to the jurisdiction of the aforementioned court for purposes of interpreting and enforcing the Stipulation for Protective Order and this assurance, and I understand that I could be held in contempt of court should I violate this Protective Order.

Dated at the City of _____, this _____ day of _____ 2011.

_____
Signature